[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
This is a habeas corpus petition in which the petitioner alleges his conviction should be set aside because of the ineffective assistance of his privately retained trial counsel.
Arrested on June 1, 1992 for four alleged sales of cocaine to undercover police officers, the petitioner was acquitted on one count and convicted on three counts. The defense was entrapment as to all counts. On March 5, 1993, the petitioner was sentenced to serve 20 years (15 years of which were mandatory), this sentence to run consecutively to the balance of a sentence then being served.
The transcripts of the entire criminal proceedings on these CT Page 299 matters were introduced into evidence, including the transcript of a mistrial. The court has read all of these transcripts in preparation for writing this decision.
The individual claims raised in the petition, hearing and briefs will be addressed well as the general claim of ineffective assistance.
 DISCUSSION I
One of the petitioner's specific allegations of ineffective assistance is that counsel "without attempt to verify the state's ability to establish the nature of the substances allegedly sold by Petitioner, advised Petitioner to stipulate that such substances were in fact narcotics."
To support this allegation, the petitioner must demonstrate that his counsel's advice was deficient and that this resulted in prejudice to his defense. Strickland v. Washington, 466 U.S. 668,687, 104 S.Ct. 2052, 2064 (1984).
In the court's view, he has offered no evidence on either test. If he is claiming that testing of the substances in question would have shown them not to be narcotics, he must, as the respondent argues, demonstrate "what further investigation would have revealed and how it would have helped him." UnitedStates v. Green, 882 F.2d 999, 1003 (5th Cir. 1989).
The petitioner has not demonstrated how and to what extent he would have been helped by having these substances tested. In fact, the petitioner never denied making these "sales", but repeatedly stated he'd been "set up. " And, in all four instances, field tests conducted were positive for cocaine.
Trial counsel testified that the petitioner was anxious for a quick trial because of his parole status and this was a factor in his waiving the right to have the state prove a chain of custody and the presence of cocaine.
The court must reject this claim as there is no basis upon which to conclude the advice was erroneous and prejudiced the defense. CT Page 300
 II
The petitioner has also made the claim that his trial counsel was ineffective because he failed to pursue the defense that the petitioner was an agent of the police.
This is a novel argument, particularly since it does not exist in Connecticut. This court is unaware of any decision which suggests that counsel's failure to assert a non existent defense constitutes ineffective assistance. In fact, the respondent has cited numerous cases to support that conclusion.
Even the petitioner is hard pressed to support this argument, conceding that:
 "As a case of first impression it probably does not fall within the boundaries that a reasonable and competent defense attorney would be obligated to explore:"
The court denies any relief on this ground.
 III
A further claim of ineffective assistance of counsel is alleged with respect to the introduction of evidence of the petitioner's prior drug involvement and his ownership of an expensive motor vehicle.
While questioning defense counsel's tactics in permitting the jury to hear this evidence, the petitioner overlooks the fact that his entrapment defense entailed certain risks. Thus, his prior conviction for possession was admissible to show predisposition on his part. As noted by the respondent, when the entrapment defense is raised, "the state may introduce evidence as to an existing course of similar criminal conduct on the part of the defendant, his already formed design to commit the crime is shown by his ready acquiescence in its commission." State v.Whitney, 157 Conn. 133, 137 (1968).
As to the particular conviction, the trial transcript indicates that though the petitioner paid a fine, the state's attorney stated on the record that it was a felony conviction. The petitioner introduced no evidence at the habeas proceeding to rebut this. CT Page 301
While the petitioner assails defense counsel's tactics in opening up the subject of the prior investigation by the police and his ownership of a Porsche, it is not unusual for criminal defense lawyers to muddy the waters a bit and even seek some sympathy from the jury by showing how unfairly a defendant was treated. In this case, counsel was illustrating the petitioner's complaint that he was "set up. " The court notes the acquittal on the first count as a likely result of the tactic. While ownership of the Porsche may not have come in, counsel could well have decided to anticipate the state's attempt to suggest the petitioner was a drug dealer because he lived in modest surroundings but owned an expensive car. Explaining the source of the funds for this purchase is not entirely illogical.
Again, the court must conclude that putting this evidence before the jury did not constitute ineffective assistance and even if it were, to suggest it was prejudicial is speculative at best.
 IV
The petitioner has also alleged his counsel's representation was rendered ineffective because he performed his legal services while acting under a conflict of interest. This alleged conflict consisted of repeated requests for a substantial personal loan from the petitioner and for inducing him to fire his previous attorney.
Defense counsel denied this allegation, which was supported only by the petitioner's testimony. And, this testimony was remarkably brief and simple. The petitioner did not describe any acrimony between counsel and himself as a result of this alleged request and denial. Nor did he describe any additional requests but rather stated that on three subsequent occasions when counsel asked for money for his services, he wrote out checks to him.
The evidence offered as to the termination of the previous attorney is also entirely the testimony of the petitioner. There is nothing to suggest as conflict of interest in the replacement of prior counsel by the counsel whose representation is presently being scrutinized. And, there is no evidence of a breakdown in the attorney-client relationship as a result of this firing and hiring.
Thus, not only has there been an absence of evidence as to CT Page 302 the result of these two "occurrences", there is no evidence that a conflict of interest ever existed.
As the respondent argues in his brief, "In order to prevail on a conflict of interest claim, the defendant must establish an actual conflict of interest that resulted in a `lapse of representation'. . ." (Citations omitted). United States v.O'Neil, 118 F.3d 65m 71 (2d Cir. 1997), cert. denied sub. nom.Saia v. United States, 118 S.Ct. 728, 139 L.Ed.2d 666 (1998).
These conflict of interest claims must be rejected.
 V
Subsequent to trial, counsel were to file briefs in this matter on or before December 14, 1998. After the petitioner's brief was filed, the respondent filed an objection to the brief, arguing it raised two issues for the first time and urged the court not to consider them.
These issues are that he is actually innocent of the crimes charged because he acted as an agent of the police and that he was denied effective assistance of counsel when his attorney did not move to dismiss the charges on double jeopardy grounds when a first trial ended in a mistrial because of a damaging response from a prosecution witness. The first of these issue as was raised as an example of the ineffective assistance claim.
 A.
As to the "actual innocence" claim the respondent is correct in asserting as he does that case law dictates its being disallowed. However, the court is reluctant to leave this particular issue unaddressed and have it resurrected somehow on another day, in view of its lack of substance.
The petitioner does not deny committing these offenses (even the one of which he was acquitted, apparently, but claims he was "set up"). In Section II above, addressing this claim as representing ineffective assistance of counsel, the court quoted from the petitioner's brief. In that quote, counsel conceded that this agency claim was not one counsel could be expected to explore.
Furthermore, our Supreme Court has determined the standard of CT Page 303 proof applicable to habeas claims of actual innocence.
 "First, taking into account both the evidence produced in the original criminal trial and the evidence produced in the habeas hearing, the petitioner must persuade the habeas court by clear and convincing evidence, as that standard is properly understood and applied in the context of such a claim, that the petitioner is actually innocent of the crime of which he stands convicted. Second, the petitioner must establish that, after considering all of that evidence and the inferences drawn therefrom, as the habeas court did, no reasonable fact finder would find the petitioner guilty."
Miller v. Commissioner of Correction, 242 Conn. 745, 791-792
(1997).
Applying this standard to the instant case compels a denial of the claim.
And if the petitioner were to somehow overcome this burden, he is confronted with an Appellate Court decision which holds that a claim of actual innocence raised in a habeas corpus petitioner must be based on newly discovered evidence, i.e., evidence that could not have been discovered prior to trial in the exercise of due diligence. Williams v. Commissioner ofCorrection, 41 Conn. App. 515, 526-29 (1997).
The court denies the relief premised on this claim.
 B.
The second issue raised in his brief but not covered by the petition will be addressed because it is alleged to be part of the alleged overall pattern of ineffective assistance.
As noted above, the court has read all of the transcripts, including that of the mistrial. An objective reading of the portion dealing with the prosecution witness who revealed the petitioner's prior conviction does not suggest a prior conceived devious plot to influence the jury. The prosecuting attorney had stipulated that this information would not come in. Therefore, he knew if it were revealed, a mistrial was likely. What purpose would be served by an intentional disclosure eludes me!
Noting the training and the prior law enforcement experience CT Page 304 of the witness, the court can well appreciate how this occurred, but there isn't a suggestion that it was prosecutorial misfeasance or overreaching. The circumstances do not support a determination of prosecutorial inducement.
Referring next to the case law applicable, the petitioner must show more than a remote possibility. The respondent citesOregon v. Kennedy, 456 U.S. 667 (1982) to the effect that a retrial is barred "where the error that prompted the mistrial is intended to provoke a mistrial or is motivated by bad faith or undertaken to harass or prejudice the defendant . . ." Id. at 670.
Absent proof of this nature, a motion based on double jeopardy would appear to have had no likelihood of success. The court has discussed above the fact that it is not ineffective for counsel to forego addressing issues which have no merit and no chance of success.
This claim falls into that category and must be denied.
 VI
As noted above, all of the transcripts presented as evidence in this proceeding have been read by the court. While in previous sections specific claims have been discussed, the court has also considered the total picture — the entire representation afforded this petitioner in light of the evidence against him.
It is the conclusion of the court that the representation did not fall below the level of reasonable competence. Counsel was confronted with solid evidence in four separate charges and he did well to extricate his client from one. Counsel's efforts did not constitute ineffective assistance and the petition cannot be sustained on the basis of the totality of representation.
 CONCLUSION
The petition is denied.
Anthony V. DeMayo Judge Trial Referee CT Page 305